ADAMS, Justice.
This is an appeal from a judgment based on a jury verdict in favor of Illinois Central Gulf Railroad Company (hereinafter “Illinois Central”) in a personal injury case *1291 wherein the appellant, Nelson Keene, alleged that he sustained injuries due to alleged violations by Illinois Central of the Federal Employers’ Liability Act. Keene argues that the trial judge erred in allowing certain documents and testimony into evidence. We disagree, and we affirm the judgment.
First, Keene argues that the trial judge should not have permitted Illinois Central to introduce documents that he says were not provided to him upon his request for production of documents. When he was preparing for trial, Keene made a request for production as follows:
“1. Any accident forms, statements, whether written or oral, and subsequently transcribed, or any other mem-oranda or data pertaining to any statement given by the Plaintiff to the Defendant, Illinois Central Gulf Railroad Company.
[[Image here]]
“8. A copy of the entire personnel record file of the Plaintiff in the possession of the Defendant.”
In response to both of these requests, Illinois Central responded:
“1. These documents are available for inspection and copying at the Law Offices of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves during regular office hours.
[[Image here]]
“8. All non-privileged portions of the Plaintiffs personnel record are available for inspection and copying at the Law Offices of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves during regular office hours.”
On appeal, Keene argues that the trial judge erred in allowing Illinois Central to use his “supplemental sickness benefit forms” at trial because, he says, these forms had not been provided to him prior to trial. Illinois Central, on the other hand, argues that the forms were used solely to impeach Keene on the issue of whether he had suffered any previous back injuries that had caused him to miss time from work prior to the injury that is the subject of this appeal. Therefore, because these documents were used only for impeachment purposes, Illinois Central says that it was not necessary for them to be listed on Illinois Central’s exhibit list. Illinois Central further contends that Keene was provided with these documents when they were mailed to him on November 11, 1988, to aid him in preparing for his deposition, and again on November 14, prior to the taking of his deposition. Illinois Central points out that these forms were not only given to Keene on those occasions, but were also made available to Keene at the offices of its attorneys and it argues, therefore, that its obligation had been fulfilled. We agree.
Second, Keene argues that the trial court erred in allowing one of Illinois Central's witnesses to testify regarding maintenance work done on the equipment that allegedly caused Keene’s injuries. Keene submits that that testimony was in violation of the following stipulation, which the parties made prior to the trial:
“There were records made concerning some repairs and maintenance on some of the lift trucks before June 23, 1986. Defendant does not know whether any records were ever made concerning the repairs and maintenance performed on the lift truck Nelson Keene was operating on June 23, 1986. No records can be found reflecting repairs and maintenance performed on lift trucks at McComb before June 23, 1986.”
Illinois Central, however, contends that the testimony of its witness was not in violation of the stipulation and that no documentation was offered to support the testimony. It appears from the stipulation itself that Illinois Central did not stipulate that no repairs were made to the lift; rather, it stipulated that it could not locate any records reflecting any repairs that might have been made. We do not consider the testimony of the witness, who likewise stated that no records could be found but who testified from his memory, to be in violation of the stipulation.
Finally, Keene argues that another witness, an employee of Illinois Central, should not have been allowed to testify *1292 regarding Keene’s ability to return to work at Illinois Central in another position. Illinois Central, however, argues that the witness did not testify as to Keene’s ability to work; rather, it says, he testified regarding the availability of desk jobs that Keene could have obtained at Illinois Central following his injury. Jimmy Lane testified that he was familiar with Illinois Central’s seniority policy and with the senior status of Keene and that Keene could have obtained a desk job at Illinois Central had he desired to do so. We do not consider this to be error, especially in light of the fact that one of Keene’s vocational experts testified that Keene’s injury did not prevent him from performing a clerk’s job.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.